The Honorable William R. Bullock Prosecuting Attorney 5th Atlantic P.O. Box 220 Danville, AR 72833
Dear Mr. Bullock:
This is in response to Deputy Prosecuting Attorney Ben Caruth's request for an opinion pursuant to the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. 25-19-101 et seq. We have been asked, pursuant to A.C.A. 25-19-105(c)(3) (Supp. 1989), whether any or all of the personnel file of a former employee of the Morrilton Police Department is subject to inspection and copying under the FOIA.
Our review indicates that portions of the file should be released, but that several exceptions under the FOIA prevent the release of some information contained therein.
Section 25-19-103(l) sets forth the presumption that all records maintained in a public office or by public employees within the scope of their employment are public records. In general terms, the records in question fall under the broad definition of a public record. The several exemptions listed under 25-19-105
(Supp. 1989) must, however, also be considered. the records not deemed to be open include, inter alia, state income tax records, medical records, scholastic records, adoption records, "undisclosed investigations by law enforcement agencies of suspected criminal activity", and personnel records "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. 25-19-105(b). Under subsection (c)(1) of 25-19-105 (Supp. 1989), "employee evaluation or job performance records, including preliminary notes and other materials" are open to public inspection "only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure."
With regard to the records submitted for review, the Arkansas State Police Criminal Investigation Division — Report of Investigation is, in my opinion, subject to disclosure if, in fact, the investigation is not ongoing. See, Martin v. Musteen et al., No. 90-126, slip. op. (Ark. Sup. Ct. Nov. 19, 1990). This is a question of fact to be decided in each case. Id., at 6.
The file contains several employee evaluation or job performance records which are protected from disclosure in the absence of a decision to suspend or terminate the subject. This office has stated that a job performance record details the performance or lack of performance of the employee in question with regard to a specific incident or incidents. Att'y Gen. Op. No. 88-162. Evaluation or job performance records are those records which detail the actions of employees within the scope of their employment. Id. In this instance, the personnel file contains notes, interoffice memoranda, and a letter which address the subject's job performance. Since the employee was not suspended or terminated, Section 25-19-105(c)(1) (Supp. 1989) prevents release of these records. The letter of resignation should, however, be released. See Att'y Gen. Op. Nos. 88-094 and 88-147.
The file also contains medical and scholastic records which should not be released, in accordance with 25-19-105(b)(2) (Supp. 1989). See also Att'y Gen. Op. No. 87-108. It should be noted, however, that while grade transcripts are exempt from disclosure, a listing of schools attended and degrees obtained does not, in my opinion, constitute a "scholastic record." Id.
The remaining material in the file must be reviewed in light of the exemption for personnel records ". . .to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. 25-19-105(b)(10) (Supp. 1989). Please note in this regard that I have enclosed a copy of Attorney General Opinion Numbers 87-115 and 87-442 which outline the type of information exempted through interpretation of a similar provision in the federal Freedom of Information Act. This opinion should offer sufficient guidance for removing portions of the personnel file in question. We would highlight in particular the need to remove social security numbers and information pertaining to the subject's marital status, credit statements, and other intimate financial details. This relates primarily to the subject's personal history statement in this instance. the exempt portion should be removed and the remainder produced for inspection and copying. The remaining material, including the various certificates, are, in my opinion, subject to public inspection and copying.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
RON FIELDS Attorney General
cc: Mr. Ben Caruth Deputy Prosecuting Attorney